# William J. McGarity, Trading as Penn Paper and Stock Company *v.* Morris Gewertz, Trading as Gewertz Cotton Goods Company, Appellant.

*Vendor —Vendee —Sales —Acceptance —Offer —Waiver of discrepancy between acceptance and offer.*

In an action of assumpsit based upon a written contract of sale and acceptance thereof by the vendor, the acceptance must ordinarily be in strict accord with the offer, but this requirement may be waived by the vendee, and in such event, the vendee is liable for failure to perform his part of the contract.

Submitted October 14, 1924.   Appeal, No. 32, Oct. T., 1924, by defendant, from judgment of Municipal Court of Phila. Co., April T., 1923, No. 1242, in favor of plaintiff in case tried by court without a jury, in suit of William J. McGarity, trading as Penn Paper and Stock Company, v. Morris Gewertz, trading as Gewertz Cotton Goods Company.   Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Assumpsit for breach of contract.   Before CASSIDY, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of the plaintiff in the sum of $188.70.  Defendant appealed.

*Errors assigned* were the refusal of the motion for judgment non obstante veredicto, and the entry of judgment in favor of the plaintiff.

*Arthur Hagen Miller,* for appellant.—There was no contract between the parties.  The acceptance was not identical with the offer: Brentwood Realty Co. v. Moses, 73 Pa. Superior Ct. 307; Swing v. Walker, 27 Pa. Superior Ct. 366.

*E. Waring Wilson,* for appellee.

OPINION BY GAWTHROP, J., December 12, 1924:

Plaintiff sued in assumpsit to recover damages resulting from defendant's refusal to accept delivery of 20,000 pounds of paper tube boxes sold to him.  The trial, before a judge of the municipal court without a jury, upon the issues raised by plaintiff's statement and the affidavit of defense resulted in a finding for plaintiff.  The error assigned is the refusal of the court below to enter judgment for defendant notwithstanding the finding in favor of plaintiff.  The evidence warrants the following statement of facts: Plaintiff is a dealer in paper and paper stock.  Defendant wrote him a letter requesting the entry of an order "for the 20,000 pounds of paper tube boxes same as sample submitted, at 2½c per pound," and stating that he would require free storage for the goods for sixty days.  On the same day plaintiff replied by letter confirming the sale to defendant of "approximately fifteen to twenty thousand pounds of paper tubes like sample shown you, price to be $2.50 per hundred pounds F. O. B. our warehouse with the understanding that we are to keep them for no longer than sixty days......
terms to be net thirty days."  The first bill rendered to defendant was for 32,000 pounds of paper tube boxes, but when defendant objected to the amount and stated

that he bought but 20,000 pounds, plaintiff told him he would send a corrected bill.   Although defendant repeatedly promised to remove the goods purchased and pay for them, he failed to do so and finally plaintiff sold the goods at the market price and sued for and recovered the difference between that price and the contract price, The contention of counsel for appellant is that there never was a contract between the parties because the acceptance of the offer was not identical with the terms thereof.   There might be some merit in that contention if defendant had disaffirmed the contract, but, after receiving the letter of confirmation, he made repeated promises to plaintiff to remove and pay for the goods and never questioned the acceptance of a contract until suit was brought.   It is clear beyond question that defendant, as well as plaintiff, acted on the assumption that the contract for the sale and delivery of 20,000 pounds of paper tube boxes was in full force and effect until suit was brought.   Under the circumstances, it cannot be held as matter of law that there was no contract, because the acceptance did not correspond with the offer.   By treating the contract as one for the purchase and sale of 20,000 pounds of paper tube boxes, defendant may be deemed to have waived the failure of the acceptance to be in strict accord with the offer.   It would have been error for the court below to have set aside the finding of the trial judge and to have entered judgment for defendant.

The assignments of error are overruled and the judgment is affirmed.